Filed 11/22/22  In re K.H. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re K.H., a Person Coming Under the Juvenile Court Law. | B315003 |
| _____ LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 21CCJP02102A) |
| Plaintiff and Respondent, | |
| v. | |
| G.R. et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robin Kesler, Juvenile Court Referee.  Reversed and remanded with directions.

Elizabeth C. Alexander, under appointment by the Court of Appeal, for Defendant and Appellant G.R.

Anne E. Fragasso, under appointment by the Court of Appeal, for Defendant and Appellant J.H.

No appearance for Plaintiff and Respondent.

_____

In 2017, the juvenile court terminated jurisdiction over daughter with an order giving mother full custody and father monitored visitation. In 2021, the juvenile court sustained a section 300, subdivision (b) allegation, finding daughter at risk of serious harm based on the parents' failure to comply with certain aspects of the 2017 order. Rather than assume jurisdiction over daughter, the court ordered informal supervision pursuant to Welfare and Institutions Code section 360, subdivision (b).[1] The parents appeal from this informal supervision order, which placed daughter in "home-of-parents." They argue the juvenile court should have issued a modified custody order that conformed with its home-of-parents disposition. The Los Angeles County Department of Children and Family Services (DCFS) does not take a position on the appeal.[2] We reverse and remand for further proceedings addressing the 2017 and 2021 orders.

### FACTUAL AND PROCEDURAL BACKGROUND

### 1. Dependency History

In 2016, the juvenile court sustained a section 300 petition alleging that father had physical altercations with mother and a

---

[1]    All subsequent statutory references are to the Welfare and Institutions Code, unless indicated otherwise.

Section 360, subdivision (b) states: "If the court finds that the child is a person described by Section 300, it may, without adjudicating the child a dependent child of the court, order that services be provided to keep the family together and place the child and the child's parent or guardian under the supervision of the social worker for a time period consistent with Section 301."

[2]    DCFS filed a cross-appeal but abandoned it and requested dismissal. On June 29, 2022, this court dismissed the cross-appeal.

paternal aunt in daughter's presence, and father abused alcohol rendering him incapable of providing daughter regular care and supervision. The court ordered father to engage in a full drug program, drug and alcohol testing, a 12 Step Program, a Fatherhood Program, and individual counseling. Father failed to reunify with daughter or complete the court-ordered programs. On May 23, 2017, the court terminated jurisdiction with a custody order giving mother sole physical and legal custody of daughter, and ordering monitored visitation for father. The mother was not permitted to monitor father's visits.

## 2. *Present Dependency Case*

On March 16, 2021, DCFS received a referral alleging domestic violence between the parents and father's physical abuse of daughter. DCFS investigated and determined those allegations were unfounded. However, in the course of those proceedings, DCFS discovered that, five months earlier, the parents had rekindled their relationship and were living together with daughter. This state of affairs appeared to have placed parents in violation of the then-existing custody order, which prohibited mother from monitoring father's visits with daughter. In addition, father had not addressed his substance abuse, and mother tested positive for marijuana.

On May 5, 2021, DCFS filed a non-detained petition regarding then-five-year-old daughter based on (1) the parents' violation of the juvenile court's 2017 custody order that allowed father only monitored visitation, and (2) father's failure to complete previous court-ordered programs.[3]

---

[3] DCFS also alleged father's domestic violence with another woman as a basis for jurisdiction, but those counts were dismissed.

3

On September 8, 2021, the court sustained a single section 300, subdivision (b) allegation that mother allowed father to reside in daughter's home and have unlimited and unmonitored access to daughter in violation of the prior juvenile court order, despite knowing father had never completed the court-ordered programs from the 2017 case.

Instead of assuming jurisdiction over daughter, the juvenile court proceeded to disposition pursuant to section 360, subdivision (b). The court ordered both parents to complete random and on demand drug testing, and father to complete the 2017 case plan under DCFS's informal supervision. The court ordered daughter to be placed in home-of-parents. The parents were still living together at this time. Neither the family nor DCFS objected to the order.

## *DISCUSSION*

The parents contend the juvenile court's 2021 disposition order is inconsistent with its 2017 custody order. The earlier order gave full custody to mother with monitored visitation to father. The 2021 order, on the other hand, returned daughter to the home-of-parents, thus creating uncertainty as to the viability of the 2017 order. The parents cite section 302, subdivision (d), and assert the juvenile court "should have modified the existing custody order to reflect the changed placement order and the elimination of father's monitored visits."[4]

---

[4] Section 302, subdivision (d) states: "Any custody or visitation order issued by the juvenile court at the time the juvenile court terminates its jurisdiction . . . shall remain in effect after that jurisdiction is terminated. The order shall not be modified . . . unless the court finds that there has been a

4

We observe that the 2017 custody order giving mother full custody and father monitored visitation appears to be still in effect. Yet, it is unclear from the court's 2021 disposition order whether the court intended to modify the custody order by placing daughter in the home of both parents with joint legal and physical custody or, purported to modify the earlier visitation order so that father's visits were unmonitored, or something else. Based on the apparent conflict in the orders, we must remand for further proceedings.

Father asks us to remand the matter "to the juvenile court for modification of the custody order in accord with the juvenile court's order placing the child with both parents." DCFS, although taking no position on the merits of the appeal, states if this Court is to remand, it should be to the family law court.

Although remand to a different court "is, to say the least, unusual," it may be done. (*In re John W.* (1996) 41 Cal.App.4th 961, 976.) We choose, however, to remand to the juvenile court so that court may determine in the first instance whether it intended to modify the custody order, whether it has jurisdiction to do so, and whether the matter should be transferred to family court as DCFS suggests. (See *In re Sarah M.* (1991) 233 Cal.App.3d 1486, 1504, disapproved on other grounds in *In re Chantal S.* (1996) 13 Cal.4th 196, 204.)

We hold that the current state of the two juvenile court orders is unclear and cannot stand. We therefore remand to the juvenile court for further proceedings.

---

significant change of circumstances since the juvenile court issued the order and modification of the order is in the best interest of the child."

### *DISPOSITION*

The September 8, 2021 order is reversed and remanded to the juvenile court to conduct further proceedings consistent with this opinion.

RUBIN, P. J.

WE CONCUR:

MOOR, J.

KIM, J.